**Michael Wayne RICHARDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–94–00321–CR.

Court of Appeals of Texas, El Paso.

Aug. 22, 1996.

M. Clara Hernandez, El Paso County Public Defender, El Paso, for appellant.

Jaime E. Esparza, District Attorney, El Paso, for appellee.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

## OPINION

BARAJAS, Chief Justice.

This is an appeal from a conviction for the offense of murder. A jury convicted the Appellant, Michael Richards, and sentenced him to thirty years' confinement in the Texas Department of Criminal Justice—Institutional Division. We affirm the conviction.

## I. SUMMARY OF THE EVIDENCE

On March 11, 1994, Richards went to a bar with his girlfriend and his father. The three returned home shortly after 9 p.m. where Carolyn Richards, Richards' step-mother, had prepared a quick dinner. Carolyn Richards went to bed while the other three, along with some other guests, stayed up. Carolyn heard loud voices, but could not tell what was being said. A fight between Richards and his father, which had been brewing since they had been at the bar, broke out. During the fight, Richards went into the bedroom where Carolyn Richards was trying to sleep, got a gun from the closet, and shot his father

in the chest. The record indicates a history of violence in the Richards family.

## II. DISCUSSION

### A. Appointment of Defense Expert

In his first point of error, Richards claims that the trial court erred in appointing an allegedly unqualified expert psychologist, Dr. Dwayne Marrott. A criminal defendant who establishes that his sanity at the time of the offense is to be a significant factor at trial is entitled to "at a minimum ... access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense." *Ake v. Oklahoma*, 470 U.S. 68, 83, 105 S.Ct. 1087, 1096, 84 L.Ed.2d 53 (1985). The Texas Court of Criminal Appeals has determined that the principles of *Ake* apply to any expert, regardless of his or her area of expertise, if the defendant establishes that fundamental fairness of the trial can be called into question without the expert's assistance. *Rey v. State*, 897 S.W.2d 333, 338 (Tex.Crim.App.1995). In this case, Richards does not claim that he was deprived of an expert, but rather that the expert appointed for him had insufficient credentials to meet the requirements of *Ake*. Specifically, Richards alleges Dr. Marrott had "minimal" experience with the condition on which Richards based his defense, Post Traumatic Stress Disorder, and had "limited testifying experience."

Richards filed his Motion for Appointment of Expert Witness on May 9, 1994. At the hearing on his motion, Richards' counsel represented that she had been unable to find an expert on Post Traumatic Stress Disorder practicing in the El Paso area. Counsel asked the trial court to consider appointing Dr. Nancy Kaser–Boyd of Studio City, California, to act as Richards' expert. Counsel submitted Dr. Kaser–Boyd's extensive Curriculum Vitae, which lists numerous publications on Post Traumatic Stress Disorder, family violence issues, and the application of those issues in legal contexts. The trial court declined to appoint Dr. Kaser–Boyd and instead appointed Dr. Marrott, a licenced psychologist practicing in El Paso. Counsel

then asked the trial court to consider appointing a woman psychologist instead of Dr. Marrott. Counsel anticipated that Richards would not work well with a male psychologist due to his troubled relationship with his father. The trial court declined to appoint a female expert in place of Dr. Marrott "at this time."

After Dr. Marrott was appointed, Richards never raised to the trial court any of the potential concerns his counsel raised at the hearing, or any of the complaints he now makes on appeal. Richards presented Dr. Marrott's testimony at trial. Apart from a bald assertion unsupported by record cites that Dr. Marrott had "minimal" experience with Post Traumatic Stress Disorder, Richards fails to explain how Dr. Marrott was unqualified to assist him with his defense. Our review of Dr. Marrott's testimony reveals no sign of incompetence. Dr. Marrott testified that he received his Ph.D in psychology in 1980. He served as a psychologist for the military until January of 1993, when he went into private practice. Dr. Marrott had previous experience treating individuals who were victims of family violence. He had testified in court on six occasions prior to his testimony in this case, and had prepared numerous psychological evaluations used in court. Dr. Marrott used a battery of standardized diagnostic tests, interviews with Richards on three different occasions, interviews with Richards' family, friends, and girlfriend, and a review of Richards' medical and psychological records in forming his diagnosis. Marrott determined that Richards' history of physical abuse at the hands of his father caused him to suffer Post Traumatic Stress Disorder, and that the disorder affected his perception of reality. Dr. Marrott testified that Richards, due to his altered perception, believed he was acting in self-defense when he shot his father, even though his father was unarmed.

■ At most, the record demonstrates that another psychologist, Dr. Kaser–Boyd, may have had more impressive credentials than Dr. Marrott. This does not, of course, render Dr. Marrott, a licenced psychologist, incompetent to assist Richards with his Post Traumatic Stress Disorder based defense.

Nothing in the record suggests that Dr. Marrott functioned as less than "a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense ...." as required by *Ake*. *See Ake v. Oklahoma*, 470 U.S. at 83, 105 S.Ct. at 1096. An indigent accused does not have a right "to choose a psychiatrist of his personal liking or to receive funds to hire his own." *Id.* Richards has failed to demonstrate that he received less than competent assistance as required by *Ake*. Accordingly, we overrule Richards' first point of error.

### B. Admission of Evidence

■ In his second point, Richards asserts error in the trial court's refusal to admit "negative victim impact" evidence at the punishment phase of trial. After the victim's widow testified to the sense of loss she and other members of the family suffered, Richards sought to introduce, through cross-examination of the widow and other witnesses, evidence that the victim's character and reputation for peacefulness and law-abiding were bad. The State objected and the trial court sustained the objection finding the "negative victim impact" evidence irrelevant to punishment issues. On appeal, Richards argues that he was entitled to introduce evidence that the victim's death "was perhaps not such a loss to society as his widow might be claiming before the jury ...." and that the trial court's refusal to allow the evidence "effectively prevented Appellant from making one of his strongest mitigation-of-sentence attacks: that the deceased was no more a model citizen than the widow alleged Appellant to be."

■ The trial court has broad discretion in determining the admissibility of evidence, and its ruling should not be reversed on appeal absent a clear abuse of discretion. *See Allridge v. State*, 850 S.W.2d 471, 492 (Tex.Crim.App.1991); *Chavarria v. State*, 876 S.W.2d 388, 391 (Tex.App.—El Paso 1994, no pet.). The purpose of victim impact evidence at the punishment stage of trial is to assist the jury in assessing the accused's personal responsibility and moral guilt in terms of the trauma or loss the accused's

actions caused. *See Miller–El v. State,* 782 S.W.2d 892, 896 (Tex.Crim.App.1990); *Ortiz v. State,* 825 S.W.2d 537, 542 (Tex.App.—El Paso 1992, no pet.). The Court of Criminal Appeals criticized, albeit in dicta, an argument identical to Richards' stating, "suffice it to say that we disagree with such so-called 'logic' in suggesting that the decedent's behavior indicated that she was not a particularly valuable member of the community and that her life might have had more value had she been of a different character." *Clark v. State,* 881 S.W.2d 682, 698–99 (Tex.Crim.App. 1994). We therefore determine that the trial court did not abuse its discretion in finding the negative evidence Richards sought to introduce irrelevant to the issue of his personal responsibility and moral guilt. *See id; Miller–El v. State,* 782 S.W.2d at 896; *Ortiz,* 825 S.W.2d at 542. Accordingly, we overrule Richards' second point of error.

Having considered and overruled both of Appellant's points of error, we affirm the judgment of the trial court.