Affirmed and Opinion filed April 15, 2004









Affirmed and Opinion filed April 15, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00078-CR

____________

 

RICHARD LEE HELTON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 212th
District Court

Galveston County, Texas

Trial Court Cause No. 01CR2159

 



 

O P I N I O N








Appellant, Richard Lee Helton, appeals his
conviction for aggravated sexual assault of a child.  See Tex.
Pen. Code Ann. ' 22.021(a)(1)(B) (Vernon Supp. 2004).  After pleading not guilty, he was found
guilty and sentenced by a jury to thirty five years= confinement in
the Institutional Division of the Texas Department of Criminal Justice.  Appellant asserts four points of error on
appeal: (1) the trial court erred in refusing appellant access to the State=s records tracking
venire members past criminal jury service; (2) the evidence was factually
insufficient; (3) the trial court erred by limiting appellant=s cross
examination of the complainant=s mother; and (4)
the trial court erred by admitting the complainant=s outcry
statement.  We affirm.

The assault occurred on November 9,
2001.  The complainant was four years old
at the time of the assault.  The complainant=s mother, Margaret
Herrmann (AHerrmann@), had to work a
night shift at a local Waffle House and asked appellant to babysit her three children.  Appellant arrived at Herrmann=s trailer house at
8:30 p.m. with his own six-year-old daughter from a prior relationship.  Herrmann put the complainant to bed before
she left for work.  She returned early
the next morning.

The following day, appellant and the
children awoke before Herrmann.  After
fixing the children breakfast, appellant took them to a local park.  Herrmann later joined appellant and the
children at the park.  When she arrived
at the park, she noticed the complainant lying down.  Appellant told Herrmann that the complainant
was not feeling well.  Herrmann loaded
all of the children into her car and returned to the trailer house.  The complainant was placed in a car
seat.  Upon returning to the trailer
house, Herrmann unbuckled the complainant=s car seat and
instructed him to get out.  He
hesitated.  When asked what was wrong,
the complainant said that appellant had hurt him.   Herrmann took the complainant to her room
and removed his pants and underwear.  She
found a mixture of blood and mucous in his underwear.  After closer inspection, Herrmann noticed the
complainant=s anus was bruised.  The complainant then told her that appellant
had poked him with her Atoy,@ which she learned
from further questioning was her dildo.

Appellant initially denied having done
anything to the complainant.  However, after
being told by Herrmann that she would not call the police, appellant admitted
to her that he had inserted the tip of the dildo into the complainant=s anus.








Appellant began by explaining that he
found the dildo while looking for cigarettes. 
At some point in the evening, the complainant came into the bedroom and
saw appellant with the dildo.  Appellant
alleged that the complainant asked appellant what the object was and what it
felt like when used.  It was at this
point that appellant said that he stuck the tip in the complainant=s anus.  The complainant=s eight-year-old
sister testified at trial that she heard her brother scream out during the
night.  

In response to Herrmann=s call, La Marque
police officers were dispatched to the trailer house.  The officers arrived at the trailer to find
Herrmann arguing with appellant.  The
officers began an investigation.  The
complainant told an officer that appellant had put the dildo in his anus.  Appellant was then placed in custody.  The officers collected the evidence, which
included Herrmann=s dildo and the complainant=s underwear.  

The complainant was taken to the UTMB
emergency room in Galveston for examination.  
The examining physician used a rape kit to collect evidence.  The complainant told the physician that
appellant had stuck the dildo in his anus. 
The physician concluded that the complainant had suffered a severe
rectal assault.   The complainant was
then referred to the ABC Clinic where he underwent more tests for sexual
abuse.  A colposcopy exam was performed
on November 12, 2001, which revealed that the complainant had suffered a trauma
to the anus.  The doctor supervising the
tests at the clinic opined that the complainant had suffered a deep penetrating
injury to his anus.

In
his first point of error, appellant asserts that the court erred in denying his
oral motion for access to the State=s list of venire members.  In particular, this list tracked prior jury
service and voting records.  At trial,
appellant=s counsel stated,

I
would like to make a motion.  Defendant
would like access to the records that the criminal district attorney has in the
background records, in checking on the backgrounds of the various jurors that
are here today.

The State responded by asserting that the records were a privileged work
product of the district attorney=s office.  Moreover, the State=s attorney added that appellant=s counsel could obtain the same
information from the district clerk=s office.








Appellant contends that defense counsel is traditionally
barred from questioning venire members about prior criminal jury experienceCspecifically their verdict and/or
punishment assessed.  Thus, appellant
asserts the prosecution had an unfair advantage through its possession of a
list containing such information.   
However, a review of the case law does not suggest that it is improper
to ask jurors about their previous verdicts, but, rather, that the trial court
does not abuse its discretion if it bars such questions.  The rationale expressed in such opinions is
that the trial court has some discretion to regulate the duration and scope of
voir dire.  See Bolden v. State,
634 S.W.2d 710, 712 (Tex. Crim. App. 1982) (finding no abuse of discretion where trial court did
not permit appellant=s counsel to question venire about their previous verdicts
even though same information was allegedly possessed by the prosecutor);  Redd v. State, 578 S.W.2d 129, 130-31 (Tex. Crim. App. 1979) (where prosecutor had records
of prior jury service and verdicts rendered, trial court did not abuse its
discretion in denying defense counsel from asking potential jurors about their
previous verdicts because some Alimitation on voir dire is necessary or many trials would
never end@); Oliver v. State, 739 S.W.2d
656, 657 (Tex. App.CDallas 1987, pet. ref=d) (holding trial court has the right
to confine examination of venire within reasonable limits, and, thus, trial
court did not err in prohibiting questions regarding previous verdicts).

Here, the record suggests the information possessed by the
prosecutor was obtained from the district clerk=s office.  The prosecution bears no burden to furnish
the defense with information on prospective jurors that can be obtained by
questioning the venire members.  Armstrong
v. State, 897 S.W.2d 361, 365 (Tex. Crim. App. 1995) (per curiam).  Similarly, we find the prosecution bears no
burden to furnish the defense with information on prospective jurors that can
be obtained from public sources.  See
Oliver, 739 S.W.2d
at 659 (explaining no abuse of discretion would occur if trial court declined
to extend voir dire for past jury service questions where same information was
available to the defense before trial).

Accordingly, we find the information possessed by the
district attorney=s office was a protected work product.  The work product doctrine prevents discovery
of materials created by attorneys and their agents in preparation for
trial.  Washington v. State, 856
S.W.2d 184, 187 (Tex. Crim. App. 1993).  Further, we
hold the trial court did not abuse its discretion in denying appellant=s request to examine the records
possessed by the State=s attorney.  Appellant=s first point of error is
overruled.  








Appellant attacks the factually
sufficiency of the evidence in his second point of error. When reviewing claims
of factual insufficiency, it is our duty to examine the jury=s weighing of the
evidence.  Clewis v. State, 922
S.W.2d 126, 133, 134 (Tex. Crim. App. 1996). 
There are two ways in which evidence can be factually insufficient: (1)
the evidence is so weak as to be clearly wrong or manifestly unjust, or (2) the
finding of a vital fact is so contrary to the great weight and preponderance of
the evidence as to be clearly wrong.  Zuliani
v. State, 97 S.W.3d 589, 593 (Tex. Crim. App. 2003).  Determining which standard applies depends
upon whether the complaining party had the burden of proof at trial.  Id. 
If the complaining party did not have the burden of proof, then the Amanifestly unjust@ standard
applies.  Id.  On the other hand, if the complaining party
had the burden of proof, then the Aagainst the great
weight and preponderance@ standard applies.  Id. 
Under the Texas Court of Criminal Appeals= modified
approach, if the defendant challenges the factual sufficiency of the elements
of the offense, even though the State had the burden of proof, we must review
the evidence using both standards.  Id.  Thus, when reviewing factual sufficiency
challenges, we must determine Awhether a neutral
review of all of the evidence, both for and against the finding, demonstrates
that the proof of guilt is so obviously weak as to undermine confidence in the
jury=s determination,
or the proof of guilt, although adequate if taken alone, is greatly outweighed
by contrary proof.@  Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).








A person commits aggravated sexual assault
by intentionally or knowingly causing Athe penetration of
the anus or sexual organ of a child by any means.@  Tex.
Pen. Code Ann. ' 22.021(a)(1)(B)(I) (Vernon Supp.
2004).   In building his insufficiency
argument, appellant attempts to cast doubt on complainant=s testimony,
complainant=s sister=s testimony, the
police investigation, and the medical investigation.  The jury, however, is the sole judge of the
facts, the credibility of the witnesses, and the weight to be given the
evidence.  Wyatt v. State, 23 S.W.3d 18, 30 (Tex.
Crim. App. 2000); Beckham v. State, 29 S.W.3d 148, 152 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  Therefore, the jury may believe or disbelieve all or
part of any witness=s testimony.  Jones v. State, 984 S.W.2d 254, 258 (Tex.
Crim. App. 1998).  Reconciliation of any
conflicts in the evidence falls within the exclusive province of the jury.  Heiselbetz v. State, 906 S.W.2d 500, 504 (Tex.
Crim. App. 1995).  We do not find the
proof of guilt is so obviously weak as to undermine our confidence in the jury=s verdict or that
the proof of guilt is greatly outweighed by contrary proof. Apparently, the
jury believed the testimony that appellant penetrated complainant=s anus with a
dildo.

Accordingly, the second point of error is
overruled.

In his third point of error, appellant
contends the trial court erred by not allowing appellant to question Herrmann
about visits to her home by a man known as Robert Shumak.  Appellant alleges that Shumak could have had
access to the child immediately prior to the incident.  We review the trial court=s ruling on the admission
of evidence under an abuse of discretion standard.  Richards v. State, 932 S.W.2d 213, 215 (Tex.
App.CEl Paso 1996, pet.
ref=d); see also
Allridge v. State, 850 S.W.2d 471, 492 (Tex. Crim. App. 1991).  

The trial court allowed voir dire
examination of Herrmann with respect to her relationship with Shumak and the
frequency of his visits to her trailer house. 
Herrmann testified that Shumak may have come by during the week before
November 9, 2001.  The State argued that
this testimony was irrelevant because it was not evidence that Shumak was
present to commit the crime that occurred on November 9th.  The trial court agreed.  

We find no abuse of discretion as any
testimony related to Shumak would be irrelevant to discovering what occurred at
the trailer house on the November 9, 2001. 
Relevant evidence has the Atendency to make
the existence of any fact that is of consequence . . . more probable or less
probable.@  Tex. R. Evid. 401.  Herrmann=s statements
during the voir dire examination establish that Shumak was not present at the
trailer house on November 9th.  
The fact that Shumak may have been at Herrmann=s trailer house
during the week before the assault adds nothing to the determination of the
issues in this case.  Appellant=s third point of
error is overruled.








In his fourth point of error, appellant
complains the trial court erred in admitting the complainant=s outcry statement
in light of the totality of the circumstances, which rendered it suspect.  However, at trial, appellant=s counsel made the
following conditional approval/objection: Aif the court
limits it to the fact that an outcry was made and that this in no way
establishes guilt or anything of that nature at this time.@  The State asserts appellant has waived any
error on appeal as the argument on appeal is not the same as that made at
trial.  Tex.
R. App. P. 33.1; Sharp v. State, 707 S.W.2d 611, 619 (Tex.
Crim. App. 1986); Gilbert v. State, 840 S.W.2d 138, 144 (Tex. App.CHouston [1st Dist.] 1992, no
pet.).  However, we find appellant has
waived the point of error because of inadequate briefing as appellant conducts
no analysis of the issue, but only provides us with a list of factors for
evaluating outcry statements.  See Tex. R. App. P. 38.1(h).  

Even if we were to assess the worth of
appellant=s contention, it would be without
merit.  The essence of appellant=s objection at
trial was that the jury should not be permitted to consider the outcry
statement as probative evidence.  The
court was correct in overruling this objection. 
Outcry statements are reliable evidence of guilt.  See Ex parte Tuley, 109 S.W.3d 388, 400-01 (Tex.
Crim. App. 2002); see also Tex.
Code Crim. Proc. Ann. Art. 38.072 (Vernon Supp. 2004) (excepting such
outcry statements from the hearsay rule). 
Accordingly, appellant=s fourth point of
error is overruled. 

The judgment of the trial court is
affirmed.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Opinion filed April 15, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).