Opinion issued May 10, 2007








 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00326-CR






DERESKEY LASHAWN HAYDEN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 1028519






MEMORANDUM OPINION


 A jury convicted appellant, Dereskey Lashawn Hayden, of murder and assessed
punishment at 20 years' confinement. Tex. Pen. Code Ann. § 19.02(b)(1),(2)
(Vernon 2003). In her sole point of error on appeal, appellant argues that the trial
court improperly excluded evidence during the punishment phase of trial that the
complainant was a registered sex offender in the state of Minnesota. We affirm. 

Background

 In the early morning hours of May 27, 2005, Houston Police were dispatched
to a location under the Pierce Elevated, where they found the body of the
complainant, John Kimball. At the time of his death, the complainant was homeless
and living under the Pierce Elevated. Appellant, who was also homeless and living
under the Pierce Elevated, was charged with the complainant's murder. 

 Evidence admitted during the guilt phase of appellant's trial, indicated that
appellant stabbed the complainant following an alleged dispute over money. The
complainant's daughter, Michelle Marshall, testified that the complainant had
recently moved from Minnesota to Houston. She explained that, while the
complainant had served in the Minnesota Guard, worked in a packaging plant for 45
years, and been a father to four children, he had progressively worsening problems
with alcohol. 

 Outside the presence of the jury, appellant elicited evidence that the
complainant was a registered sex offender in the state of Minnesota. Specifically,
Homicide Officer Martinez testified that, during his investigation of the murder, he
learned that the complainant had been convicted of a sexual crime in Minnesota. 
Appellant sought to admit this evidence in order to rebut what she argued was a false
impression created by the testimony of the complainant's daughter, that the
complainant was a "nice guy." The trial court, however, excluded the evidence, and 
the jury convicted appellant of murder. 

 During the punishment phase of her trial, appellant testified that she had been
living under the Pierce Elevated for a little more than one week at the time of the
complainant's death. She further testified that it was not uncommon for men who
lived nearby to touch her and make comments about her. She indicated that, on one
occasion, the complainant masturbated in front of her while another man sexually
assaulted her. When she again offered the evidence of the complainant's sexual
offender status, the trial court excluded the evidence for a second time. Appellant
filed the instant appeal, challenging the trial court's exclusion of the evidence. 

Evidence of the Complainant's Character

 In her sole issue, appellant argues that the trial court improperly excluded
evidence, during the punishment phase of trial, that the complainant was a registered
sex offender in the state of Minnesota. Specifically, appellant argues that this
evidence was admissible (1) to rebut the false impression of the complainant's
character created by the testimony of the complainant's daughter (1) and (2) to bolster
appellant's credibility. We disagree. 

 The decision whether to admit or exclude evidence is committed to the trial
court's sound discretion. Harris v. State, 152 S.W.3d 786, 793 (Tex. App.--Houston
[1st Dist.] 2004, pet. ref'd). We, thus, review the trial court's evidentiary ruling for
an abuse of discretion. Id. As long as the ruling was within the zone of reasonable
disagreement, we may not disturb it. Id. 

 Appellant argues that evidence of the complainant's status as a registered
sexual offender was admissible at punishment under article 37.07 of the Texas Code
of Criminal Procedure, which provides that the State and defendant may offer
evidence during the punishment phase of trial as to "any matter the court deems
relevant to sentencing . . . ." Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a)(1)
(Vernon 2006). Relevance during the punishment phase of a non-capital trial is
determined by what is helpful to the jury. Erazo v. State, 144 S.W.3d 487, 491 (Tex.
Crim. App. 2004). The broad language of article 37.07, however, does not mean that
anything and everything is admissible. Brooks v. State, 961 S.W.2d 396, 401 (Tex.
App.--Houston [1st Dist.] 1997, no pet.) ("[T]he language 'any matter the court
deems relevant to sentencing' does not mean that anything goes."). 

A. Admissibility to Rebut False Impression of Good Character 

 Appellant first argues that the evidence that the complainant was a sexual
offender was admissible for the purpose of rebutting the false impression, created by
the testimony of his daughter, that the complainant was "a nice guy." She further
argues that this evidence is not impermissible "negative victim impact evidence,"
offered to show that, because he was a sexual offender, the complainant was a less
valuable member of society. Rather, appellant urges that she should have been
allowed to contradict the testimony presented by the complainant's daughter during
the guilt/innocence phase that the complainant was a hardworking family man with
evidence that he had become a sexual predator in his final years. We conclude,
however, that this evidence falls within the category of impermissible "negative
victim impact evidence."

 In Clark v. State, the defendant sought to introduce evidence that the victim
was not a person of good character. 881 S.W.2d 682, 698-99 (Tex. Crim. App.
1994). The defendant offered the evidence at punishment on the grounds that the jury
might find that the defendant was a greater threat to society if they believed he
murdered a particularly valuable member of the community; whereas the jury might
have placed less value on the victim's life if they knew her true character. Id. at 699. 
In dicta, the Court of Criminal Appeals disagreed with the defendant's logic "in
suggesting that the decedent's behavior indicated that she was not a particularly
valuable member of the community and that her life might have had more value had
she been of a different character." Id. This logic was similarly disapproved of in
other cases holding that evidence of the victim's bad character is inadmissible during
punishment for the purpose of showing the victim was a less valuable member of
society. See, e.g., Goff v. State, 931 S.W.2d 537, 554-56 (Tex. Crim. App. 1996)
(holding that evidence of victim's homosexuality, offered under assumption that jury
would consider a homosexual a less valuable member of society, was not relevant to
appellant's background, character, or the circumstances of the crime and was,
therefore, inadmissible during punishment in capital murder trial); Richards v. State,
932 S.W.2d 213, 215 (Tex. App.--El Paso 1996, pet. ref'd) (holding that evidence
that victim was not "model citizen" was not relevant during punishment in murder
trial). 

 While appellant does not expressly rely on the same logic as the defendant in
Clark in seeking admission of the evidence that the complainant was a sexual
offender, in her briefing, she states that, "[i]f a victim's character does relate to 'moral
guilt,' then surely it is important for the jury to have an accurate picture of the
victim's character." Despite her argument that the evidence was admissible to rebut
the impression that the complainant was "a nice guy," the evidence is essentially
negative victim impact evidence, offered to show that the complainant was indeed not
"a nice guy." Evidence of the complainant's status as a sexual offender was not
admissible for this purpose. See Clark, 881 S.W.2d at 699. Appellant's argument is,
therefore, without merit.

B. Admissibility to Bolster Credibility 

 Appellant next argues that the evidence was admissible for the additional
purpose of bolstering her credibility. Specifically, she argues that evidence of the
complainant's "sexual perversion and general disrespect for the law added some
weight" to her testimony about the murder. According to appellant, the complainant's
sexual offender status made it "more likely that [he had] in fact [ ] been a willing
spectator to a sexual assault upon [her]." The State argues, however, that appellant
has waived this complaint.

 To preserve a complaint for appellate review, a party must have presented to
the trial court a timely request, objection, or motion stating the specific grounds for
the ruling desired. Tex. R. App. P. 33.1(a). Because the trial court must have the first
opportunity to rule on the complaint, the argument on appeal must comport with the
trial objection. See Oles v. State, 965 S.W.2d 641, 643 (Tex. App.--Houston [1st
Dist.] 1998), aff'd, 993 S.W.2d 103 (Tex. Crim. App. 1999). Where the argument on
appeal and the trial objection are not the same, nothing is presented for appellate
review. See id. 

 As previously stated, appellant argued in the trial court only that the evidence
of the complainant's status as a sexual offender was admissible to rebut the false
impression that the complainant was a nice guy. (2) On appeal, she now complains that
the evidence was admissible for the purpose of corroborating her version of the
events. Appellant's complaint in this Court does not comport with her objection in
the trial court. The trial court was never afforded an opportunity to rule on
appellant's complaint, and, as a result, nothing is presented for our review. 

 Accordingly, we overrule appellant's sole point of error. 

Conclusion

 We affirm the judgment of the trial court.



 George C. Hanks, Jr.

 Justice


Panel consists of Justices Nuchia, Hanks, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).
1. Because appellant has so limited her appeal, we address the admissibility of this evidence
during the punishment phase only. We note that appellant never sought to challenge the
daughter's opinion during the guilt/innocence phase through cross-examination with inquiries
about specific aspects of the complainant's character. Instead, she offered the evidence of
the sexual assault conviction through the extrinsic testimony of Officer Martinez. 
2. Specifically, appellant's counsel explained to the trial court that: 


[appellant] offered [the evidence of the complainant's sexual offender status]
originally because it went to show who was the first aggressor. Also, it went
to rebut the attempt that the state [sic] made to show that the complainant was
a nice person; and when, in fact, he had a conviction for molesting a child. 
Now, the presumption still is is [sic] that the complainant was a nice person,
and we will [sic] like to show that he wasn't such a nice person, and we want
to offer that for the jury's consideration.