**Rudolph MENDIOLA, Appellant,**

v.

**The STATE of Texas.**

**No. 1199–99.**

Court of Criminal Appeals of Texas.

June 21, 2000.

Mark Stevens, San Antonio, for appellant.

Mary Beth Welsh, Asst. Dist. Atty., San Antonio, Matthew Paul, State's Atty., Austin, for State.

## *O P I N I O N*

HOLLAND, J., delivered the opinion of the Court in which MEYERS, MANSFIELD, PRICE, WOMACK and JOHNSON, JJ., joined.

Appellant was charged with three counts of aggravated sexual assault of a child and three counts of indecency with a child by sexual contact. He was convicted by jury of three counts of indecency with a child by sexual contact and sentenced to twelve years confinement. The Fourth Court of Appeals affirmed his conviction and sentence. *See Mendiola v. State*, 995 S.W.2d 175 (Tex.App.—San Antonio 1999, pet. granted). We granted appellant's petition for discretionary review to determine whether the court of appeals erred in determining that certain evidence, offered by appellant, was not a "matter ... relevant to sentencing" under Art. 37.07 § 3(a).[1]

### I.

Appellant was convicted for committing three counts of indecency with a child by sexual contact. The victim was H.A., a three and one-half year-old girl. During the punishment phase, the State introduced extraneous offense evidence that appellant had also engaged in inappropriate conduct with another young girl—his great-niece, A.M. A.M. testified that appellant had touched her breasts and her "private part" with his hands. Later during the punishment hearing, appellant's attorneys questioned appellant's daughter, Elizabeth Castillo, about this incident.

---

**1.** The issue on which we granted discretionary review is:

When the trial court admits punishment evidence that appellant has molested another child, is it a "matter ... relevant to sentencing" under Article 37.07 § 3(a) that the State indicted appellant for this conduct, then dismissed the indictment?

[APPELLANT]: The charges against your father for that incident, he was indicted?

[STATE]: Objection relevance, your honor.

[APPELLANT]: It goes to the weight of the evidence.

[COURT]: Sustained.

[APPELLANT]: The charges against your father, did the district attorney of Bexar County dismiss those charges?

[WITNESS]: Yes.

[STATE]: Objection, relevance. Ask the witness or ask that the Jury be instructed to disregard. The witness answered the question after I had already begun my objection.

[COURT]: All right. I'm going to sustain his objection and the Jury will be instructed to disregard the last question and answer by the witness.

After jury deliberations, appellant was sentenced to twelve years confinement.

Appellant appealed this sentence, arguing that "the trial court erred by failing to admit evidence that a criminal indictment for an additional extraneous offense, admitted by the prosecution during the punishment phase of trial, was dismissed prior to its prosecution." *Mendiola*, 995 S.W.2d at 183. The court of appeals recognized that Art. 37.07 § 3(a) allowed the State and appellant to admit "evidence as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant...." Tex.Code Crim. Proc. Art. 37.07 § 3(a). After discussing the meaning of "relevant" set out in Rule 401 of the Texas Rules of Evidence, the court of appeals held that "[a]ny evidence of dismissal of criminal charges for extraneous offenses committed against [A.M.] was irrelevant to prove the truth or falsity of the acts." *Mendiola*, 995 S.W.2d at 184. The evidence was not "necessarily helpful" to the jury in determining if the extraneous act was committed beyond a reasonable doubt. Therefore, the court of appeals concluded

that failing to admit the evidence of dismissal was not an abuse of discretion on the part of the trial court. *See id.*

## II.

■ Under Art. 37.07 § 3(a) of the Texas Code of Criminal Procedure, the State and defendant may offer evidence during the punishment phase of a trial as to

*any matter the court deems relevant to sentencing,* including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, ..., any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

Tex.Code Crim. Proc. Art. 37.07 § 3(a) (emphasis added). At issue in this case is the meaning of the term "relevant" as applied to the punishment stage of a trial. We recently noted in *Rogers v. State* that the Texas Code of Criminal Procedure does not define the term "relevant." 991 S.W.2d 263, 265 (Tex.Crim.App.1999). Rule 401 of the Texas Rules of Evidence defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex.R. Evid. 401. Furthermore, this Court has stated that "evidence merely tending to affect the probability of the truth or falsity of a fact in issue is logically relevant." *Montgomery v. State*, 810 S.W.2d 372, 376 (Tex.Crim. App.1990). The evidence in question is relevant even if it only provides a "small nudge" in proving or disproving a fact of consequence to the trial. *See id.*

Appellant argues to this Court that the court of appeals erred in relying solely on

Rule 401 and *Montgomery* to find the evidence was properly excluded. He asserts that this Court has concluded Rule 401's discussion of "relevancy" is helpful in determining admissibility questions, but is not "a perfect fit" in the punishment context. Citing our decision in *Rogers*, appellant argues that the court of appeals should have considered policy reasons—such as admitting the truth in sentencing, giving complete information for the jury to tailor an appropriate sentence for appellant, and the policy of optional completeness—in determining whether the evidence should be admissible. We agree.

■ In *Rogers v. State*, this Court concluded that Rule 401 is "helpful" to determine what evidence is "relevant" under Art. 37.07 § 3(a). *Rogers*, 991 S.W.2d at 265. And this Court explained why the sentencing phase presents different issues than those contemplated in the guilt/innocence phase: the Rule 401 definition of "relevant" is not a "perfect fit" in the sentencing context. *See id.* Rather,

> admissibility of evidence at the punishment phase of a non-capital felony offense is a *function of policy rather than relevancy*. This is so because by and large there are no discreet factual issues at the punishment stage. There are simply no distinct "fact[s] ... of consequence" that proffered evidence can be said to make more or less likely to exist. Rather, "[d]eciding what punishment to assess is a normative process, not intrinsically factbound." What evidence should be admitted to inform that nor-

mative decision is *not a question of logical relevance, but of policy*.

*Miller-El v. State*, 782 S.W.2d 892, 895–96 (Tex.Crim.App.1990) (emphasis added) (footnotes and citations omitted). Thus, in *Rogers*, this Court concluded that "[d]etermining what is relevant ... should be a question of what is *helpful to the jury in determining the appropriate sentence* in a particular case." *Rogers*, 991 S.W.2d at 265 (emphasis added).[2]

The court of appeals did not have the benefit of this Court's opinion in *Rogers* when it issued its opinion in the instant case. Therefore, we reverse the judgment of the court of appeals as to the instant ground for review, and we remand the cause to the court of appeals for reconsideration of appellant's arguments in light of *Rogers*.

KELLER, J., delivered a dissenting opinion in which McCORMICK, P.J., and KEASLER, J., joined.

KELLER, J., delivered a dissenting opinion in which McCORMICK, P.J. and KEASLER, J. joined.

The punishment phase of a noncapital trial involves the consideration of two different types of facts. The first type involves those that impact the factfinder's normative response to the defendant. For example, in considering punishment, the factfinder might consider extraneous offenses, the defendant's ability to follow prison rules, and the defendant's family background. For want of a better term, I will call these "normative facts." The second type involves those that do not by themselves impact a factfinder's normative

---

2. The dissent determines that *Rogers* is inapplicable to the instant case because *Rogers* applies only to the relevancy of "normative facts." *See Post*, slip op. at 2. The dissent states that "the admissibility of a subsidiary fact is a question purely of logical relevancy," and the instant case involves the relevancy of a "subsidiary fact." *Id.* The dissent does not cite, nor have I found, any support for the proposed differentiation between "normative facts" and "subsidiary facts" during the punishment phase. Instead, I find the proposed distinction to be burdensome both to State and defense attorneys. Requiring attorneys to first determine the *type* of fact they are

attempting to admit into evidence before deciding the appropriate relevancy standard will not only cause confusion among the attorneys, but will also unnecessarily complicate relevancy rulings on the part of the trial judge. Who will decide if a fact is "normative" or "subsidiary," and can a particular fact change categories based on the context of the case? The few examples provided by the dissent do not constitute an exhaustive list of facts in either category. The dissent's proposed distinction transforms an otherwise simple relevancy test, as outlined in *Rogers*, into an impractical test involving two types of facts and two different relevancy standards.

response to the defendant but are relevant to proving or disproving a normative fact. For example, numerous facts may be used to prove or disprove the existence of an extraneous offense. Examples of such facts are: an alibi, factors tending to show that an eyewitness identification is accurate or inaccurate, and evidence relating to a witness' credibility. I shall call these "subsidiary facts." Whether a normative fact is admissible turns upon policy, but the admissibility of a subsidiary fact is a question purely of logical relevancy. For the latter question, Texas Rule of Evidence 401 is the appropriate guide: a subsidiary fact is relevant only if it has any tendency to make more or less probable the existence of a normative fact at issue in the case. The normative fact is "the fact of consequence" to which rule 401 refers.[1]

The Court contends that my analysis would unnecessarily complicate relevancy rulings. But relevancy rulings always involve consideration of two different types of facts: (1) a fact of consequence, and (2) evidence that proves a fact of consequence. When a witness testifies, "I saw the defendant leaving the scene of the murder," he is testifying to a subsidiary fact to prove a fact of consequence (the defendant killed the victim). Regardless of whether the testimony is offered at guilt/innocence to prove the primary offense or at punishment to prove an extraneous bad act, in order to be admissible the subsidiary fact must be logically relevant to the question of whether the defendant killed the victim.

The distinction between normative and subsidiary facts is simply a recognition that relevant facts often occur in chains—

one fact proves another fact, which proves a third fact, etc. The last fact in the chain must be relevant as a matter of "policy" to a factfinder's punishment determination. The earlier or "subsidiary" facts are relevant, not as a matter of policy, but to the extent they prove the existence of that final fact.

The issuance of an indictment for a particular offense, and the later dismissal of such an indictment are subsidiary facts. An indictment, or its dismissal, does not itself show that a defendant is more or less worthy of punishment.[2] Those items impact a factfinder's normative response to a defendant only insofar as they tend to prove or disprove the commission of an extraneous offense.

The Court of Appeals' opinion correctly recognized that extraneous offenses are facts relevant to a punishment determination and correctly recognized that the dismissal of an indictment was a fact further up the chain of proof. The real question, then, is whether evidence of the indictment's dismissal has any tendency to make the commission of the extraneous offense more or less probable than without the evidence.

The Court of Appeals properly determined that evidence of the indictment's dismissal did not make commission of the extraneous offense more or less probable than without the evidence. It is axiomatic that an indictment or other instigation of criminal charges is no evidence of guilt. Texas Code of Criminal Procedure, Article 38.03;[3] *Bell v. State,* 724 S.W.2d 780, 781 (Tex.Crim.App.1986). Although we have not had occasion to consider whether such

---

1. Rule 401 provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

2. For this reason, *Rogers v. State,* 991 S.W.2d 263 (Tex.Crim.App.1999), relied upon by the Court, is distinguishable because the fact at issue in that case—the amount of a defen-

dant's sentence on a prior conviction—is a normative fact.

3. Article 38.03 provides: "All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial."

a rule applies to extraneous offenses as well as the primary offense, application of the rule to this situation seems logical: being accused is no evidence of guilt. It follows that a dismissal of charges is no evidence of innocence. Because dismissal of the indictment has no tendency to make appellant's commission of the extraneous offense more or less probable, the evidence was not relevant. I would affirm the judgment of the Court of Appeals.

I respectfully dissent.

