David Carter Campbell v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-421-CR

     DAVID CARTER CAMPBELL,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 249th District Court
Johnson County, Texas
Trial Court # F34705
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                
     David Carter Campbell pleaded guilty to delivery of marijuana and the jury sentenced him to
seven (7) years’ imprisonment. In his sole point of error, Campbell argues that the trial court
erred by admitting evidence of a sentence of a prior conviction during the punishment stage of
trial.
      During the punishment stage of trial, Campbell objected to State’s exhibit number seven (7). 
The trial court admitted the exhibit over his objection. The exhibit was a packet containing the
judgment, sentence, docket sheet, and probation order of Campbell’s prior conviction for
possession of marijuana. Specifically, the docket sheet reflects the punishment in that prior case
as “5 yrs. Probation & $500 fine.” Campbell concedes that evidence of his prior conviction is
admissible because he already entered into a stipulation earlier in trial. However, citing Tamez
v. State, he argues that admitting evidence of the prior punishment of “5 yrs. Probation & $500
fine” harms him. See 11 S.W.3d 198, 202 (Tex. Crim. App. 2000).
      The Rules of Evidence and article 37.07 section 3(a) govern the admissibility of evidence
during the punishment stage of trial. See Rogers v. State, 991 S.W.2d 263, 265 (Tex. Crim. App.
1999); see also Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a) (Vernon Supp. 2002). Generally,
“relevant” evidence admitted during punishment is that which is helpful to the jury in determining
the appropriate sentence. See Mendiola v. State, 21 S.W.3d 282, 285 (Tex. Crim. App. 2000);
Rogers, 991 S.W.2d at 266. The Court of Criminal Appeals has held that prior sentences are
informative to the jury in tailoring the sentence to a defendant, and therefore relevant in the
context of assessing punishment. See Mendiola, 21 S.W.3d at 285; Rogers, 991 S.W.2d at 266.
      In the present case, Campbell’s sentence for his prior conviction was relevant to the jury’s
assessment of punishment. Id. Likewise, the probative value of Campbell’s prior sentence of “5
yrs. probation & $500 fine” was not outweighed by the danger of unfair prejudice, even if this
jury used that prior sentence as a starting point for the punishment imposed here. See Rogers, 991
S.W.2d at 266 (probative value of the defendant’s three prior sentences for robbery convictions
was not substantially outweighed by any danger of unfair prejudice, even if the jury used the prior
sentences as a starting point for assessing punishment in the instant case). The Court of Criminal
Appeals has explained that the sentencing phase presents different issues than the guilt-innocence
phase of trial because admissibility of a non-capital felony offense during punishment is a function
of policy rather than relevancy. See Mendiola, 21 S.W.3d at 285.
      Further, because Tamez was a guilt-innocence case, we find Campbell’s argument on appeal
readily distinguishable. See Tamez, 11 S.W.3d at 202-03 (harmful evidence of prior convictions
was admitted during guilt-innocence stage of trial despite defendant’s stipulation to the same
offenses).
      Accordingly, Campbell’s sole point of error is overruled.
      The trial court’s judgment is affirmed.

                                                                         REX D. DAVIS
                                                                         Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed August 7, 2002
Do not publish
[CR25]