TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN





 

NO. 03-01-00423-CR


NO. 03-01-00424-CR




 


Mike Cruz Garza, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT


NOS. 7114 & 7115, HONORABLE JOE CARROLL, JUDGE PRESIDING






 Appellant was convicted of intoxication manslaughter and aggravated assault with
a deadly weapon. (1) These charges arose out of an automobile collision. In one issue on appeal, he
contends that evidence of the victim's intoxication should have been admitted during the punishment
phase of trial. We will affirm the convictions.


Factual and Procedural Background



 These offenses arose from a traffic accident that occurred about a mile east of
Lampasas. The accident occurred about 9:30 p.m. during a light rainfall. As described by witness
Jeremy Herring, appellant's Jeep, traveling west, made a quick turn across all traffic lanes and
collided with the left fender of a Pontiac Sunbird traveling east. The Pontiac's driver, Martin Ybarra
(Ybarra), died. His passenger, his adult son John, was injured.

 Appellant was tried by a jury in both the guilt-innocence and punishment phases. 
Punishment was assessed at twenty years and a $10,000 fine for intoxication manslaughter and
fifteen years and a $10,000 fine for assault. (2) The trial court had granted the State's motion in limine
to prevent appellant from discussing the fact that Ybarra's post-mortem blood test showed a blood
alcohol level of .10. During guilt-innocence, however, appellant did ask John if he had been
drinking and if it appeared to him that his father had. The son's response to both questions was,
"No." In an off-the-record hearing before the punishment phase, appellant presented his request to
introduce Ybarra's blood alcohol level. The court overruled his request. Appellant made a bill of
exception to preserve error. In one issue on appeal, he urges that the trial court erred in refusing to
admit this evidence.


Discussion



 The trial court has broad discretion in determining the admissibility of evidence, and
its ruling should not be reversed on appeal absent a clear abuse of discretion. Allridge v. State, 850
S.W.2d 471, 492 (Tex. Crim. App. 1991). A ruling that falls within the zone of reasonable
disagreement cannot be disturbed on review. Montgomery v. State, 810 S.W.2d 372, 391 (Tex.
Crim. App. 1990).

 Appellant argues that evidence of Ybarra's blood alcohol level should have been
admitted at punishment because the defendant may offer evidence during the punishment phase of
trial as to "any matter the court deems relevant to sentencing, including but not limited to the prior 
criminal record of the defendant" and "the circumstances of the offense for which he is being tried." 
Tex. Code Crim. Proc. art. 37.07, § 3(a)(1) (West Supp. 2002). He asserts that the definition of
relevance (3) as found in the Texas Rules of Evidence is not adequate in the context of the punishment
phase of a criminal case. See Rogers v. State, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999)
(definition "not a perfect fit in the punishment context"). Instead, relevance is a question of "what
is helpful to the jury in determining the appropriate sentence for a particular defendant in a particular
case." Id. Under this broader theory, admissibility is a function of policy rather than relevance. 
Mendiola v. State, 21 S.W.3d 282, 285 (Tex. Crim. App. 2000). These policy concerns include:
"admitting the truth in sentencing, giving complete information for the jury to tailor an appropriate
sentence for appellant, and the policy of optional completeness." (4) Id. at 285.

 Appellant argues only that the evidence of the victim's intoxication was admissible
to give the jury complete information about the offense to assist them in assessing a proper sentence. 
He urges that the evidence of the victim's intoxication is not impermissible "negative victim impact
evidence." On the contrary, we conclude that this evidence falls squarely within that category.

Victim Impact Evidence

 The purpose of victim impact evidence at the punishment stage is to assist the jury
in assessing the accused's personal responsibility and moral guilt in terms of the trauma or loss the
accused's actions caused. See Miller-El v. State, 782 S.W.2d 892, 896-97 (Tex. Crim. App. 1996);
Richards v. State, 932 S.W.2d 213, 215-16 (Tex. App.--El Paso, 1996 pet. ref'd). However,
"negative victim impact evidence," that is, evidence introduced for the purpose of showing that a
defendant's punishment should be lessened because of the victim's character, is not permissible. In 
Clark v. State, 881 S.W.2d 682, 699 (Tex. Crim. App. 1994), the defendant sought to introduce
evidence that the victim was not a person of good character. His theory was that the jury might find
that the defendant was a greater threat to society if they believed he murdered a particularly valuable
member of the community and that the jury might have placed less value on the victim's life if they
knew of her "true" character. The court of criminal appeals rejected that logic and held that the trial
court properly excluded the evidence. Id. at 699.

 Similarly, in Richards v. State, 932 S.W.2d at 215, the defendant sought to introduce
evidence that the victim's character and reputation for peacefulness and law-abiding were bad. The
defendant argued that he was entitled to introduce evidence that the victim's death was not as much
of a loss to society as his widow would like for the jury to believe. He asserted that one of his
strongest arguments for mitigation of his punishment was that "the deceased was no more a model
citizen that the widow alleged [a]ppellant to be." Id. The court held that the trial court did not abuse
its discretion in finding that the negative evidence Richards sought to introduce was not relevant to
the issue of appellant's personal responsibility and moral guilt. Id at 215-16.

 Appellant sought to introduce evidence of Ybarra's blood alcohol content. Appellant
asserts this evidence is admissible to show the jury the "context" of the offense so the jury has the
complete picture. Appellant did not further articulate a reason for the admissibility of the evidence.

 Appellant relies on Sunbury v. State, 33 S.W.3d 436, 438-42 (Tex. App.--Houston
[1st Dist.] 2000, pet. ref'd). In Sunbury, appellant had committed eight robberies during a two-week
"spree." Id. at 438. At punishment, the state called sixteen witnesses who testified about the
circumstances of the appealed-from robbery and about the other seven robberies. Id. In rebuttal,
appellant sought to introduce evidence that sentence had already been imposed for two of the
robberies. Id. at 440-41. The trial court excluded that evidence. On appeal, appellant argued that
he received a substantially harsher sentence because the jury was operating on the mistaken
impression that he had not been punished for any of the robberies. Id. at 442. The appellate court
decided that the excluded evidence would have been useful to the jury and was "relevant to
sentencing" because it completed the picture in front of the jury. Id.

 The type of evidence in Sunbury differs from that which appellant sought sought to
introduce here. That a defendant has already been punished for an offense that might be perceived
by the jury as part of an overall "spree" is evidence related to the degree of the accused's culpability
and helps the jury properly assess punishment. The evidence completed the picture drawn by the
State with regard to the other offenses. In contrast, appellant's evidence, as shown by his bill of
exceptions, simply showed Ybarra's blood alcohol level. In other words, he argues that he should
be punished less because the victim was intoxicated. This is "negative victim impact evidence."

 As in Sunbury, the defendant in Mendiola sought to introduce evidence to meet the
State's evidence concerning other offenses. In Mendiola, the State introduced evidence of an
indictment for a previous offense; the defendant sought to counter with evidence that the previous
indictment had been dismissed. The trial court excluded the evidence of dismissal. 21 S.W.3d at
284. The Court of Criminal Appeals reversed and remanded for a post-Rogers reconsideration of
admissibility. Again, the evidence in Mendiola was offered to complete or rebut the picture painted
by the State with regard to the defendant's other offenses, which is evidence relevant to his
culpability. Neither Mendiola nor Sunbury involved a defendant attempting to introduce evidence
concerning the victim's character as is appellant in this case.


Conclusion



 In short, "the language 'any matter the court deems relevant to sentencing' does not
mean that anything goes." Brooks v. State, 961 S.W.2d 396, 401 (Tex. App.--Houston [1st Dist.]
1997, no pet.). We hold that appellant's proffered evidence was improper "negative victim impact
evidence" and properly excluded by the trial court. We overrule appellant's sole point of error and
affirm the conviction on both causes.



 

 David Puryear, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: August 30, 2002

Do Not Publish
1. Cause number 03-01-00423-CR is the appeal from the conviction for intoxication
manslaughter, which involved the death of Martin Ybarra. See Tex. Pen. Code Ann. § 49.08 (West
Supp. 2002). Cause number 03-01-00424-CR is the conviction for aggravated assault, which
involved injury to Johnny Ybarra. See Tex. Pen. Code Ann. § 22.02 (a) (West 1994).
2. Appellant had two prior convictions for driving while intoxicated.
3. Relevant evidence is that evidence "having any tendency to make the existence of any fact that
is of consequence to the determination of the action more probable or less probable than it would
be without the evidence." Tex. R. Evid. 401.
4. "When part of an act . . . is given in evidence by one party, the whole on the same subject may
be inquired into by the other, and any other act . . . which is necessary to make it fully understood
or to explain the same may also be given in evidence . . . ." Tex. R. Evid. 107.