COURT OF 
APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-115-CR
 
 
TIMOTHY 
LEE COOPER                                                          APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
THE 30TH DISTRICT COURT OF WICHITA COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Timothy Lee Cooper pled guilty to arson and was placed on deferred adjudication 
community supervision for ten years.  Appellant subsequently violated the 
conditions of his community supervision, his guilt was adjudicated, and he was 
sentenced to eight years’ confinement.  We affirm.
        In 
his sole issue, Appellant contends the trial court erred in permitting a police 
officer to testify regarding Appellant’s conduct in evading arrest by using a 
vehicle, an offense that was alleged by the State in support of its motion to 
proceed to adjudication of guilt.  Appellant claims that this allegedly 
improper evidence contributed to his punishment and sentence.
Jurisdiction
        We 
initially must review whether we have jurisdiction over this complaint.  At 
the conclusion of the hearing on the State’s motion to proceed with 
adjudication of guilt, the trial judge found Appellant guilty of the offense of 
arson and asked whether either side had any more evidence to offer in the way of 
punishment.  The prosecutor replied “No, sir.  The State just offers 
what it’s already been presented.” Similarly, Appellant informed the court 
that he had already offered punishment evidence.
        Article 
42.12, section 5(b) of the Texas Code of Criminal Procedure provides that 
“[a]fter an adjudication of guilt, all proceedings, including assessment of 
punishment, pronouncement of sentence, granting of community supervision, and 
defendant's appeal continue as if the adjudication of guilt had not been 
deferred.” Tex. Code Crim. Proc. Ann. 
art. 42.12, § 5(b) (Vernon Supp. 2004).  Thus, although we may not review 
a trial court's decision to proceed with an adjudication of guilt on the 
original charge, we may consider issues related to the trial court's assessment 
of punishment and pronouncement of sentence.  See id.; Kirtley v. 
State, 56 S.W.3d 48, 51-52 (Tex. Crim. App. 2001); Vidaurri v. State, 
49 S.W.3d 880, 885 (Tex. Crim. App. 2001).  Because at the punishment stage 
of Appellant’s trial the State reoffered the evidence from the adjudication 
hearing, and Appellant claims that improperly admitted evidence contributed to 
his punishment and sentence, we determine that we have jurisdiction to review 
his issue on appeal.
Discussion
        A 
trial court's admission or exclusion of evidence is subject to an abuse of 
discretion standard.  Sells v. State, 121 S.W.3d 748, 766 (Tex. 
Crim. App.), cert. denied, 124 S. Ct. 511 (2003).  If the trial 
court's decision was within the bounds of reasonable disagreement we will not 
disturb its ruling.  Id.
        In 
its motion to proceed to adjudication, the State alleged, among other things, 
that Appellant had committed the offense of evading arrest; specifically, that 
while Appellant was using a vehicle he intentionally fled from Chris Foster, a 
person that Appellant knew was a peace officer who was attempting to lawfully 
arrest Appellant.  Officer Foster testified that in the early morning hours 
of June 13, 2002 he was on routine patrol when he saw Appellant’s vehicle 
swerving back and forth between lanes, during which time the vehicle hit the 
right curb twice.  Believing the driver was driving while intoxicated, 
Foster activated his emergency lights to initiate a stop.  Immediately, 
Appellant sped up and drove through two flashing red traffic lights without 
stopping.  Foster then turned on the siren in his patrol car, but Appellant 
still did not stop his vehicle.  The front right tire of Appellant’s 
vehicle struck the curb several times and finally the tire blew out.  
Nonetheless, Appellant continued to drive the car with sparks flying and Foster 
in pursuit.  Appellant drove forward but at a slower speed because the 
front right wheel was worn down.  Eventually Appellant jumped out of the 
driver’s side door and ran from Foster, who then chased Appellant on foot and 
finally apprehended him.  At this point in Foster’s testimony, the 
following colloquy occurred:
 
Q. 
(By [the prosecutor]) Officer, as you were pursuing this car that was fleeing 
from you, were -- were you concerned for the safety of the community?
 
                A.     Yes.
 
Q. 
And why were you concerned for the safety of the community?
 
[Defense 
counsel]: Objection again, Your Honor. There’s been no pleadings, if there 
even could be, that this is a basis for revocation. This is simply an attempt by 
the prosecution to enter inflammatory and prejudicial evidence that has no 
relevance otherwise to the case.
 
                         THE 
COURT:      Overruled.
 
THE 
WITNESS:  Yes. Him attempting to flee from me, the miles, the speed, the 
disregard of the red lights, showed me that he had a complete disregard for 
public safety. He risked actually killing people driving like that. 
[Emphasis added.]
 
 
        On 
appeal, Appellant complains of Foster’s answer regarding why he was concerned 
about the safety of the community during this prolonged pursuit of Appellant’s 
vehicle.  Appellant contends this testimony was irrelevant to whether 
Appellant was intentionally trying to flee from the officer, and was therefore 
inadmissible and should have been excluded under Rules 401 and 402 of the Texas 
Rules of Evidence.  Tex. R. Evid. 
401, 402.  The State responds that events do not occur in a vacuum 
and, even though prejudicial, evidence explaining the context of an offense is 
usually admissible.  See Mann v. State, 718 S.W.2d 741, 743-44 (Tex. 
Crim. App. 1986), cert. denied, 481 U.S. 1007 (1987).[2]
        Section 
3(a)(1) of article 37.07 of the code of criminal procedure allows evidence 
during the punishment phase concerning “any matter the court deems relevant to 
sentencing.”  Tex. Code Crim. 
Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2004).  The code of 
criminal procedure does not define “relevant.”  The definition of 
“relevant” from Texas Rule of Evidence 401 is helpful in determining what 
should be admissible under article 37.07, section 3(a). Tex. R. Evid. 401[3]; 
Rogers v. State, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999).  
However, sentencing presents different issues than a verdict of guilt or 
innocence because the jury or trial judge chooses from a punishment range, 
rather than deciding whether a defendant is guilty.  Rogers, 991 
S.W.2d at 265.  Therefore, the definition of “relevant” in Rule 401 is 
not a perfect fit in the punishment context.  Id. Generally, 
“relevant” evidence during the punishment phase is that which is “helpful 
to the [judge or] jury in determining the appropriate sentence in a particular 
case.”  Mendiola v. State, 21 S.W.3d 282, 285 (Tex. Crim. App. 
2000).
        We 
conclude the complained of evidence was helpful to the trial judge in 
determining the appropriate sentence in this case because it provided the judge 
with a depiction of what took place when Appellant attempted to evade arrest by 
driving his motor vehicle on public streets while he was swerving, disobeying 
traffic signals, continually hitting the curb with his tire, and driving with 
sparks flying from his damaged wheel.  Accordingly, we hold that the trial 
court did not abuse its discretion in overruling Appellant’s objection to 
Foster’s testimony because the evidence was relevant to sentencing. 
Appellant’s sole issue is overruled.
Conclusion
        The 
judgment of the trial court is affirmed.
 
 
                                                                  PER 
CURIAM
 
 
PANEL 
B:   HOLMAN, GARDNER, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED:  
May 13, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
In Mann, the court of criminal appeals stated that "[T]he unfolding 
of events and the progression of the crime is necessary to a full picture and 
understanding of what took place" and that when the balancing test is 
applied “[E]vidence of the context of the offense is almost always admissible 
under the reasoning that events do not occur in a vacuum and the jury has a 
right to have the offense placed in its proper setting so that all evidence may 
be realistically evaluated.”  Id. at 744.  However, Mann 
dealt with the admissibility of evidence at the guilt-innocence phase rather 
than the punishment phase of trial.  Id. at 743-44.
3.  
“‘Relevant evidence’ means evidence having any tendency to make the 
existence of any fact that is of consequence to the determination of the action 
more probable or less probable than it would be without the evidence.”  Tex. R. Evid. 401.