COOPER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-115-CR

TIMOTHY LEE COOPER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Timothy Lee Cooper pled guilty to arson and was placed on deferred adjudication community supervision for ten years.  Appellant subsequently violated the conditions of his community supervision, his guilt was adjudicated, and he was sentenced to eight years’ confinement.  We affirm.

In his sole issue, Appellant contends the trial court erred in permitting a police officer to testify regarding Appellant’s conduct in evading arrest by using a vehicle, an offense that was alleged by the State in support of its motion to proceed to adjudication of guilt.  Appellant claims that this allegedly improper evidence contributed to his punishment and sentence.

Jurisdiction

We initially must review whether we have jurisdiction over this complaint.

At the conclusion of the hearing on the State’s motion to proceed with adjudication of guilt, the trial judge found Appellant guilty of the offense of arson and asked whether either side had any more evidence to offer in the way of punishment.  The prosecutor replied “No, sir.  The State just offers what it’s already been presented.”  Similarly, Appellant informed the court that he had already offered punishment evidence.

Article 42.12, section 5(b) of the Texas Code of Criminal Procedure provides that “[a]fter an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.”  
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2004).  Thus, although we may not review a trial court's decision to proceed with an adjudication of guilt on the original charge, we may consider issues related to the trial court's assessment of punishment and pronouncement of sentence.  
See id.
; 
Kirtley v. State
, 56 S.W.3d 48, 51-52 (Tex. Crim. App. 2001); 
Vidaurri v. State
, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001).  Because at the punishment stage of Appellant’s trial the State reoffered the evidence from the adjudication hearing, and Appellant claims that improperly admitted evidence contributed to his punishment and sentence, we determine that we have jurisdiction to review his issue on appeal.

Discussion

A trial court's admission or exclusion of evidence is subject to an abuse of discretion standard.  
Sells v. State
, 121 S.W.3d 748, 766 (Tex. Crim. App.), 
cert. denied
, 124 S. Ct. 511 (2003).  If the trial court's decision was within the bounds of reasonable disagreement we will not disturb its ruling.  
Id.
 

In its motion to proceed to adjudication, the State alleged, among other things, that Appellant had committed the offense of evading arrest; specifically, that while Appellant was using a vehicle he intentionally fled from Chris Foster, a person that Appellant knew was a peace officer who was attempting to lawfully arrest Appellant.  Officer Foster testified that in the early morning hours of June 13, 2002 he was on routine patrol when he saw Appellant’s vehicle swerving back and forth between lanes, during which time the vehicle hit the right curb twice.  Believing the driver was driving while intoxicated, Foster activated his emergency lights to initiate a stop.  Immediately, Appellant sped up and drove through two flashing red traffic lights without stopping.  Foster then turned on the siren in his patrol car, but Appellant still did not stop his vehicle.  The front right tire of Appellant’s vehicle struck the curb several times and finally the tire blew out.  Nonetheless, Appellant continued to drive the car with sparks flying and Foster in pursuit.  Appellant drove forward but at a slower speed because the front right wheel was worn down.  Eventually Appellant jumped out of the driver’s side door and ran from Foster, who then chased Appellant on foot and finally apprehended him.  At this point in Foster’s testimony, the following colloquy occurred:

Q. (By [the prosecutor])  Officer, as you were pursuing this car that was fleeing from you, were -- were you concerned for the safety of the community?

A. Yes.

Q. 
And why were you concerned for the safety of the community?

[Defense counsel]:  Objection again, Your Honor.  There’s been no pleadings, if there even could be, that this is a basis for revocation.  This is simply an attempt by the prosecution to enter inflammatory and prejudicial evidence that has no relevance otherwise to the case.

THE COURT: Overruled.

THE WITNESS: 
Yes.  Him attempting to flee from me, the miles, the speed, the disregard of the red lights, showed me that he had a complete disregard for public safety.  He risked actually killing people driving like that.
  [Emphasis added.]

On appeal, Appellant complains of Foster’s answer regarding why he was concerned about the safety of the community during this prolonged pursuit of Appellant’s vehicle.  Appellant contends this testimony was irrelevant to whether Appellant was intentionally trying to flee from the officer, and was therefore inadmissible and should have been excluded under Rules 401 and 402 of the Texas Rules of Evidence.  
Tex. R. Evid. 401, 402.
  The State responds that events do not occur in a vacuum and, even though prejudicial, evidence explaining the context of an offense is usually admissible.  
See Mann v. State
, 718 S.W.2d 741, 743-44 (Tex. Crim. App. 1986), 
cert. denied
, 481 U.S. 1007 (1987).
(footnote: 2) 

 Section 3(a)(1) of article 37.07 of the code of criminal procedure allows evidence during the punishment phase concerning “any matter the court deems relevant to sentencing.”  
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(a)(1) (Vernon Supp. 2004).  The code of criminal procedure does not define “relevant.”  The definition of “relevant” from Texas Rule of Evidence 401 is helpful in determining what should be admissible under article 37.07, section 3(a).  
Tex. R. Evid.
 401
(footnote: 3); 
Rogers v. State
, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999).  However, sentencing presents different issues than a verdict of guilt or innocence because the jury or trial judge chooses from a punishment range, rather than deciding whether a defendant is guilty.  
Rogers
, 991 S.W.2d at 265.  Therefore, the definition of “relevant” in Rule 401 is not a perfect fit in the punishment context.  
Id.
  Generally, “relevant” evidence during the punishment phase is that which is “helpful to the [judge or] jury in determining the appropriate sentence in a particular case.”  
Mendiola v. State
, 21 S.W.3d 282, 285 (Tex. Crim. App. 2000). 

We conclude the complained of evidence was helpful to the trial judge in determining the appropriate sentence in this case because it provided the judge with a depiction of what took place when Appellant attempted to evade arrest by driving his motor vehicle on public streets while he was swerving, disobeying traffic signals, continually hitting the curb with his tire, and driving with sparks flying from his damaged wheel.  Accordingly, we hold that the trial court did not abuse its discretion in overruling Appellant’s objection to Foster’s testimony because the evidence was relevant to sentencing.  Appellant’s sole issue is overruled. 

Conclusion

The judgment of the trial court is affirmed.

PER CURIAM 

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  May 13, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
In 
Mann
, the court of criminal appeals stated that "[T]he unfolding of events and the progression of the crime is necessary to a full picture and understanding of what took place" and
 that when the balancing test is applied “[E]vidence of the context of the offense is almost always admissible under the reasoning that events do not occur in a vacuum and the jury has a right to have the offense placed in its proper setting so that all evidence may be realistically evaluated.”  
Id.
 at 744.  However, 
Mann
 dealt with the admissibility of evidence at the guilt-innocence phase rather than the punishment phase of trial.  
Id.
 at 743-44.

3:
“‘Relevant evidence’ means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.”  
Tex. R. Evid.
 401.