Opinion issued October 18, 2007

















Opinion issued October 18, 2007

 

 



     

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-06-00479-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



CALIXTO GARCIA, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 1046395

 

 



O P I N I O N

 

After finding appellant Calixto
Garcia guilty as charged of the offense of aggravated assault of a public
servant, the jury assessed a sentence of fifty years’ confinement.  See
Tex. Pen. Code Ann. § 22.02(b)(2)(B)
(Vernon Supp.
2006).  Garcia appeals only his sentence,
complaining that the trial court committed reversible error during the
punishment phase by (1) admitting testimony relating to his gang membership,
affiliation, or association, and (2) admitting photographs of his gang-related
tattoos in violation of his state and federal constitutional rights and Texas law.  Finding no error, we affirm.

Background

          In November 2005, Garcia and another
man approached Raul Moreno and three of his friends while they were repairing a
truck in the parking lot of an apartment complex.  Garcia had a gun, and his companion had a
knife.  Garcia racked his gun to chamber
a round, pointed it at Moreno’s
head, and ordered the four men to get together while his companion took their
property.  Shortly after the robbery,
Officer Juarez arrived on the scene and began investigating.  One of the victims identified the apartment
that Moreno and
his companion entered following the robbery. 
As Officer Juarez approached the apartment, the door opened and a man
entered the walkway, looked around, saw Officer Juarez, returned to the
apartment, and shut the door.  

While
Officer Juarez called for backup, the apartment door opened again.  Garcia appeared, pointing a gun directly at
Officer Juarez.  Garcia racked the gun
and pulled the trigger, but the gun misfired. 
Garcia quickly retreated into the apartment and slammed the door.  The police found Garcia in the apartment
bedroom and arrested him.  A grand jury
later indicted Garcia for the robbery and aggravated assault of a public
servant.

Garcia did
not make any request pretrial that the State provide notice of its intent to
introduce extraneous conduct evidence. 
Nevertheless, the State did so three months before trial.  A month later, the State supplemented with
specific notice of its intent to use evidence of Garcia’s membership,
affiliation, or association with the Southwest Cholos
gang and, in an amendment two weeks before trial, notified Garcia of its intent
also to use evidence of Garcia’s membership, affiliation, or association with
the “Houstone” prison gang.  The State
identified two witnesses it planned to call to testify on the subject of gang
affiliation.  Further, one of the State’s
witnesses photographed Garcia’s tattoos approximately three weeks before
trial.    

After the jury found Garcia guilty,
the State sought to admit evidence of Garcia’s gang membership or affiliation
during the punishment phase of the trial. 
Garcia objected based on lack of notice required by articles 37.07 and
61.02 of the Texas Code of Criminal Procedure. 
The trial court overruled these objections.  

Harris County Deputy Sheriff Scott,
who had two and a half years of experience working with Houston-area criminal
street gangs, testified during the punishment phase.  The State entered the tattoo photographs into
evidence through Scott, who had taken them. 
Scott identified several of the photos as depicting known gang tattoos
that linked appellant to two Houston-area gangs, the Southwest
 Cholos and Houstone.  Based
on his knowledge, training, and experience, Scott opined that Garcia’s tattoos
identified him as a member of both the Southwest Cholos street gang and the
Houstone prison gang.

Houston Police Officer Valles, a
ten-year veteran and member of a gang patrol unit that experiences daily
contact with the Southwest Cholos, also
provided expert testimony concerning Houston-area criminal street gangs.  Valles explained that the Southwest
 Cholos are involved in drive-by shootings, robberies, murders,
home invasions, prostitution, narcotics, stolen cars, and graffiti.  Deputy Scott testified that Houstone’s
criminal activities included aggravated assaults, murders, and robberies. 

Defense counsel elicited testimony
from Deputy Scott that, while he was photographing Garcia’s tattoos, Garcia
denied that he was an active member of the Southwest
 Cholos.  Deputy Scott
further testified that Garcia denied ever belonging to Houstone.

In addition to the gang-related
evidence, the jury also considered Garcia’s 1997 robbery conviction, for which
he served five years in prison.  The jury
also heard from Garcia’s former girlfriend, who testified that Garcia used to
physically assault her in front of their children, and that he had been
arrested for assaulting her.

Discussion

Standards for admission of evidence at the punishment phase

Both of Garcia’s issues on appeal
contest the admission of evidence relating to gang membership, affiliation, or
association during the punishment phase of trial.  During the punishment phase, “evidence may be
offered . . . as to any matter the court deems relevant,” including evidence of
the defendant’s reputation or character. 
Tex. Code Crim. Proc. Ann.
art. 37.07, § 3(a)(1) (Vernon 2006). 
Relevance in this context is more a matter of policy than an application
of Rule of Evidence 401; it fundamentally consists of what would be helpful to
the jury in determining the appropriate punishment.  Mendiola
v. State, 21 S.W.3d 282, 285 (Tex. Crim. App. 2000); see Tex. R. Evid. 401 (defining relevant evidence as
evidence having any tendency to make existence of fact that is of consequence
to determination of action more probable or less probable than it would be
without evidence); see also Payne v. Tennessee,
501 U.S. 808, 820–821, 111 S. Ct. 2597, 2605–06 (1991) (observing that “the
sentencing authority has always been free to consider a wide range of relevant
material”);United States v. Tucker,
404 U.S. 443, 446, 92 S. Ct. 589, 591 (1972) (noting that, in sentencing
proceeding, “a judge may appropriately conduct an inquiry broad in scope,
largely unlimited either as to the kind of information he may consider, or the
source from which it may come”).  

Garcia relies on several grounds for
challenging the admissibility of the gang-related evidence.  We note at the outset that, contrary to his
contention, article 61.02 of the Code of Criminal Procedure does not apply to
his claims.  That provision governs the
creation of “an intelligence database for the purpose of investigating or
prosecuting the criminal activities of criminal combinations or criminal street
gangs.”  Tex. Code Crim. Proc. Ann. art. 61.02 (Vernon 2006).  Garcia was not investigated for, tried for,
or convicted of a gang-related crime. 
The restrictions outlined in article 61.02 apply only to the collection
of gang-related information for the database, not to the admissibility of
gang-related information during the punishment phase of a trial.  See
id. 


Garcia rightly observes that the
punishment-phase evidence of Garcia’s membership, affiliation, or association
with the Southwest Cholos and Houston gangs
constitutes extraneous evidence of crimes or bad acts governed by article 37.07
of the Texas Code of Criminal Procedure and Rule of Evidence 404(b).  See
Tex. Code Crim. Proc. Ann. art
37.07, § 3(g) (Vernon 2006) (citing Tex.
R. Evid. 404(b)).  Article 37.07
provides that, “[o]n timely request
by the defendant,” the State must provide “reasonable notice . . . in advance
of trial” of its intent to introduce extraneous-conduct evidence.  Tex.
Code Crim. Proc. Ann. art. 37.07, § 3(g) (Vernon 2006); see Tex.
R. Evid. 404(b).  The trial court
has broad discretion to admit or exclude extraneous-conduct evidence. See Brooks
v. State, 76 S.W.3d 426, 435 (Tex. App.—Houston
[14th Dist.] 2002, no pet.) (applying this standard of review to
admission of extraneous-conduct evidence over objection based on article 37.07,
§ 3(g)’s notice requirements).   

Article 37.07 expressly states that
“[t]he requirement under this subsection that the attorney representing the
state give notice applies only if the defendant makes a timely request to the
attorney representing the state for the notice.”  Tex.
Code Crim. Proc. Ann. art. 37.07, § 3(g) (Vernon 2006).  As the State points out, nothing in the
record indicates that Garcia made a timely request that the State notify him of
its intent to use extraneous conduct evidence. 
Garcia does not appear to contest this point.  Consequently, nothing triggered an obligation
for the State to provide Garcia with this notice.[1]  See
Henderson v. State, 29 S.W.3d 616, 625 (Tex.
App.—Houston
[1st Dist.] 2000, pet. ref’d).  The trial
court did not abuse its discretion in overruling Garcia’s article 37.07
objection and allowing the jury to consider evidence of his gang membership,
affiliation, or association in determining the appropriate sentence.

Admission of expert opinion testimony relating to gangs

Garcia also asserts that the opinion
testimony of Scott and Valles should have been excluded either because it
lacked relevance, or any probative value it had was substantially outweighed by
the danger of unfair prejudice.  Tex. R. Evid. 401, 403.  We disagree with both assertions.  

As a general matter, testimony
regarding a defendant’s affiliation with a gang may be relevant and admissible
at the punishment phase to show the defendant’s character. Beasley v. State, 902 S.W.2d 452, 456 (Tex. Crim. App. 1995); Anderson v. State, 901 S.W.2d 946, 950 (Tex.
Crim. App. 1995); Ho v. State, 171
S.W.3d 295, 305 (Tex. App.—Houston
[14th Dist.] 2005, pet. ref’d) (“Even if appellant was no longer affiliated with the gang at the time of the shooting, evidence that he was a gang member is relevant—and thus
admissible at punishment—because it relates to his character.”); see Dawson v.
Delaware, 503 U.S. 159, 161, 163, 112 S.
Ct. 1093, 1096, 1097 (1992) (observing that evidence defendant is affiliated
with association that has committed unlawful or violent acts can serve
legitimate purpose in showing that defendant represents future danger to society);
U.S. v. Tampico, 297 F.3d 396, 402–03
(5th Cir. 2002) (concluding that fact that defendant was within First Amendment
rights in belonging to organization advocating legalization of sexual relations
with minors did not bar consideration of this evidence during sentencing); Fuller v. Johnson, 114 F.3d 491, 498
(5th Cir. 1997) (holding that admission of evidence of defendant’s membership
in neo-nazi prison gang did not violate his constitutional rights; evidence
that gang had committed unlawful or violent acts, including homicides, multiple
stabbings, drug dealing, and aggravated assaults would permit reasonable juror
to conclude that gang membership is relevant to future dangerousness).  The evidence need not link the accused
to the bad acts or misconduct generally engaged in by gang members, so long as
the fact finder is (1) provided with evidence of the defendant’s gang
membership, (2) provided with evidence of character and reputation of the gang,
(3) not required to determine if the defendant committed the bad acts or
misconduct, and (4) asked only to consider reputation or character of the
accused.[2]  See
Beasley, 902 S.W.2d at 457.

The expert opinion testimony that
certain of Garcia’s tattoos had distinctive meanings and were common in either
the Southwest Cholos or the Houstone gang
supplied sound evidence of Garcia’s gang membership.  See Beasley, 902 S.W.2d at 454 (membership was
established by defendant’s wearing of gang colors and his association with gang
members, not by witness testifying that he or she knew that defendant was in
gang); Anderson, 901 S.W.2d at 948 (police officer testified that he knew defendant was
gang member because he was in company of gang members and wore gang tee shirt);
Stevenson v. State, 963 S.W.2d 801,
803-04 (Tex. App.—Fort Worth 1998, pet. ref’d) (police officer testified that
defendant’s tattoo had significance related to gang activity, and that defendant
used phrase “what’s up, cuz?” which has distinctive meanings in same gang); Cabrera v. State, No. 05-05-00450-CR,
2006 WL 952410, *2 (Tex. App.—Dallas Mar. 30, 2006, pet. ref’d) (testimony from
police officer that distinctive notches shaved into defendant’s eyebrows,
visible in book-in photograph, were common among members of certain gangs, from
defendant’s friend’s mother that defendant talked about getting teardrop
tattoo, which had gang meaning that tattooed person had killed someone, and
that defendant associated with gang members, was enough to show gang
membership).  The evidence presented
through the law enforcement gang experts also meets the other requirements set
out in Beasley.  See
902 S.W.2d at 457.  Accordingly, it was
neither irrelevant nor unfairly prejudicial. 
The trial court did not abuse its discretion in admitting this
punishment-phase evidence. 

Admission of photographs depicting Garcia’s tattoos

Garcia’s statutory and constitutional
complaints concerning the admission of the tattoo photos are also
unavailing.  “[T]he
Constitution does not protect
criminal defendants from giving fingerprints, or standing in police
lineups.  It follows then, that a
criminal defendant who is asked to display tattoos suffers no constitutional
harm.”  Gardner v. Norris, 949 F. Supp. 1359, 1374–75 (E.D. Ark. 1996) (citing U.S.
v. Bay, 762 F.2d 1314, 1316–17 (9th Cir. 1984)).  Requiring a defendant to display a
distinguishing physical feature, such as a tattoo, does not violate the Fifth
Amendment.  Garza v. State, 213 S.W.3d 338, 347 (Tex. Crim. App. 2007).

 Garcia complains that the admission of photos
also violated his rights under the Fourth, Sixth and Fourteenth Amendments of
the United States Constitution and article 38.23 of the Texas Code of Criminal
Procedure because the officer did not give him the required warnings before
taking photos of his tattoos.  Garcia, however,
did not have a reasonable expectation of privacy concerning his tattoos, which
appear on the front of his neck, his forearms, and his calves—all places that
may be exposed while he is wearing street clothing.  See
U.S. v. Dionisio, 410 U.S. 1, 14–15,
93 S. Ct. 764, 771 (1973) (because person’s voice, facial
characteristics, or handwriting are constantly exposed to public, no person can
have reasonable expectation of privacy with respect to sound of his voice or
features of physical appearance; thus, compelling person to disclose sound of voice
to grand jury did not infringe on any interest protected by Fourth Amendment).[3]  

 “Article 38.22, §3(a), applies only to oral statements
made during custodial interrogation.”  Holberg
v. State, 38 S.W.3d 137, 141 (Tex. Crim.
App. 2000); Hernandez v. State, 114
S.W.3d 58, 65 (Tex.
App.—Fort Worth 2003, pet. ref’d).  Because
tattoos are not statements, article 38.22 of the Code of Criminal Procedure
does not apply.  See Hernandez, 114 S.W.2d at 65 (holding that officer’s testimony
regarding defendant’s tattoos and manner of dress resulted from officer’s
personal observation and was not subject to exclusion under article
38.22).  Accordingly, we conclude that
Garcia’s constitutional and statutory complaints concerning the trial court’s
admission of the tattoo photos lack merit.

Conclusion

 

          We
conclude that the trial court acted within its sound discretion in admitting
the evidence relating to Garcia’s gang membership, affiliation, or association,
and photographs of his gang-related tattoos. 
Finding no error in the punishment assessed by the jury and imposed by
the trial court, we affirm the judgment of the trial court.

 

Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.

 

Publish.  Tex.
R. Civ. P. 47.2(b).

 

 











[1] Also, as Garcia concedes, the State nevertheless
apprised Garcia of its intent to use evidence of his membership, affiliation,
or association with the Southwest Cholos and
Houstone gangs at least two weeks before trial. 






[2] Because, as noted above, article 61.02 does not apply
to the admission of evidence, we reject Garcia’s contention that the trial
court could not admit evidence of Garcia’s gang membership, affiliation, or
association without article 61.02’s required showing that Garcia admitted to
being a member.  





[3] We overrule Garcia’s complaint under the Sixth and
Fourteenth Amendments of the United States Constitution for lack of briefing
and citation to legal authority.  Also,
to the extent his claims under the Texas Constitution differ from those raised
under the United States Constitution, we overrule them for the same
reason.  See Arnold v. State, 873 S.W.2d 27, 33
(Tex. Crim. App. 1993) (refusing to examine state constitutional grounds where
appellant failed to analyze, argue, or provide authority to establish that his
protection under the Texas Constitution was different from that provided by the
United States Constitution); Rauscher v. State, 129 S.W.3d 714, 723–24
(Tex. App.—Houston [1st Dist.] 2004, pet. ref’d) (same).