# NOS. 12-08-00335-CR
# 12-08-00336-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LARRY JACKSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 124TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *GREGG COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Larry Jackson appeals his two convictions for aggravated sexual assault. After pleading guilty, the jury assessed punishment at forty years of imprisonment in each case. In his sole issue, Appellant contends the trial court erred in admitting evidence of an uncharged extraneous offense. We affirm.

### BACKGROUND

In 2007, Appellant was indicted for aggravated sexual assaults that occurred in 1997. Appellant pleaded guilty to one count of aggravated sexual assault against each of two sisters, F.W. and M.W. The punishment phase was tried to the jury. The trial court allowed the State to present evidence that, in 2006, a young girl accused Appellant of sexual assault and, although the allegation had been investigated, he was never charged with a crime in connection with that incident. In the course of that investigation, Appellant signed an affidavit denying ever "molesting" anyone. The jury sentenced Appellant to forty years of imprisonment in each case. The trial court's judgment reflects the jury's verdict and orders the sentences to run concurrently.

**EXTRANEOUS OFFENSE EVIDENCE**

In his sole issue, Appellant asserts the trial court abused its discretion in admitting evidence regarding an allegation of uncharged sexual assault against another young girl, A.O. He complains that he was denied meaningful review of the evidence before the jury heard it and that the testimony given by A.O., accusing him of sexually assaulting her and other girls, was more prejudicial than probative. He further complains that, because the evidence of A.O.'s allegation was admitted, the jury heard evidence that, in 2006, Appellant denied ever having engaged in sexual misconduct with a child.

**Applicable Law**

Evidence may be offered at the punishment phase as to any matter the court deems relevant to sentencing, including evidence of an extraneous offense that is shown beyond a reasonable doubt to have been committed by the defendant or for which he could be held criminally responsible. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (Vernon Supp. 2008). Extraneous offense evidence is considered relevant if it is helpful to the jury in determining the appropriate sentence. *Mendiola v. State*, 21 S.W.3d 282, 285 (Tex. Crim. App. 2000). Before admitting extraneous misconduct evidence at the punishment stage, the trial court must make a preliminary determination that sufficient evidence exists from which a jury could find beyond a reasonable doubt that the defendant committed the acts in question. *Mitchell v. State*, 931 S.W.2d 950, 954 (Tex. Crim. App. 1996). The trial court may determine whether there is sufficient evidence through an oral or written proffer of evidence, motions, pretrial hearings, and the trial, including any bench conferences. *Arzaga v. State*, 86 S.W.3d 767, 781 (Tex. App.–El Paso 2002, no pet.). The court must also instruct the jury in the punishment charge that it is not to consider the extraneous acts unless it is satisfied beyond a reasonable doubt that the defendant committed the acts. *Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000) (op. on reh'g).

Furthermore, if the proper objection is made, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, that is, the tendency of the evidence to suggest a decision on an improper basis. TEX. R. EVID. 403; *Montgomery v. State,* 810 S.W.2d 372, 388-89 (Tex. Crim. App. 1991) (op. on reh'g). Rule 403 favors admissibility and contains a presumption that relevant evidence is more probative than prejudicial. *Hayes v. State*,

85 S.W.3d 809, 815 (Tex. Crim. App. 2002). The appellate court reviews the trial court's decision to admit extraneous offense evidence under an abuse of discretion standard. *Mitchell,* 931 S.W.2d at 953. We will reverse the trial court's decision to admit the evidence only if the decision was outside the zone of reasonable disagreement. *Narvaiz v. State*, 840 S.W.2d 415, 429 (Tex. Crim. App. 1992).

## Analysis

Prior to trial, the State filed its notice of intent to introduce evidence of other crimes and then amended it twice. In addition to other acts not complained of here, the document describes an act of sexual assault alleged to have been committed by Appellant in 2006. On the day of trial, but before the jury was brought into the courtroom, there was a bench conference regarding the fact that the State intended to elicit testimony about that uncharged act.

The prosecutor explained that she intended to call Detective Ron England of the Kilgore Police Department who had investigated the allegation that Appellant had assaulted A.O. in 2006. During the course of that investigation, Appellant signed an affidavit in which he stated he knows A.O. because she attends the church he pastors and she is his cousin's stepdaughter. He explained that A.O. spent the night at his house seven or eight times and on the night in question, he had checked on her and her brother during the night. He said he pulled the covers over her because she had kicked them off in her sleep. He denied touching her in any way. He specifically stated, "I have never molested anyone." He ended his affidavit by saying "I have never and would never consider doing something like this." The prosecutor presented her arguments regarding the relevancy and probative value of the extraneous offense evidence. Defense counsel had the opportunity to respond. The court then made its findings on the record and allowed the testimony.

Detective England testified that, in 2006, he investigated an allegation that Appellant had sexually assaulted a child. Appellant's affidavit was admitted into evidence. The State's final witness was A.O., who was thirteen at the time of trial. One night when she was eleven, she and her brother spent the night with Appellant and his wife. She and her brother slept on a couch that folded out to make a bed. She woke up in the night and saw Appellant in the same room. He appeared to be praying. She went back to sleep but awoke again when an alarm beeped in the carport outside. She realized that her shorts and panties had been pulled down. She saw Appellant go into the

3

kitchen and then come back into the living room. He then "put his lips on [her] butt." Then, he went back to the kitchen and came back to the living room and did it again. On cross examination, A.O. explained that two other girls had told her that they had been molested by Appellant and then later told her that they had not been molested.

A complainant's testimony, standing alone, is sufficient evidence to prove the occurrence of a sexual assault. *See Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. [Panel Op.] 1978). There was therefore sufficient evidence from which a jury could reasonably find that Appellant committed the extraneous bad act. *See Mann v. State*, 13 S.W.3d 89, 94 (Tex. App.–Austin 2000), *aff'd on other grounds,* 58 S.W.3d 132 (Tex. Crim. App. 2001). We conclude that Appellant was not denied meaningful review when the trial court made its initial determination of admissibility. *See Arzaga*, 86 S.W.3d at 781; *Mann*, 13 S.W.3d at 93-95.

Evidence of other criminal behavior provides useful information for the jury to use in determining what sentence Appellant should receive. *See Fields v. State*, 1 S.W.3d 687, 688 (Tex. Crim. App. 1999). Evidence that Appellant, almost ten years after committing the instant offenses, engaged in the same type of activity, is useful to the jury in determining whether Appellant would be a good candidate for probation. It is probative of whether his sexual interest in young girls was short lived or continuing and therefore probative of the degree of rehabilitation necessary before he may be returned to society. In his affidavit, Appellant admitted being in the room at the time A.O. said the offense occurred. This lends credibility to A.O.'s story. The jury was entitled to consider that the offenses against F.W. and M.W. were not isolated but part of a longstanding pattern. Even though the jury heard evidence of a sexual assault against another young girl, it assessed only a mid-range punishment. The jury assessed Appellant's punishment at forty years of imprisonment in each case when the range of punishment was five to ninety-nine years or life and a $10,000.00 fine in each case. *See* Tex. Penal Code Ann. § 22.021(e) (Vernon Supp. 2008); Tex. Penal Code Ann. § 12.32 (Vernon 2003).

Further, we fail to see how the probative value of Appellant's statement that he had never molested anyone was substantially outweighed by the danger of unfair prejudice. In light of the nature of the offenses themselves, it seems unlikely that the jury was unduly influenced by Appellant's 2006 refusal to admit wrongdoing. There is no suggestion that the jury made a decision

4

on an improper basis.  *See **Montgomery***, 810 S.W.2d at 388-89.  The trial court did not err in admitting the complained of evidence.  We overrule Appellant's sole issue.

## DISPOSITION

We *affirm* the trial court's judgments.

  SAM GRIFFITH  

Justice

Opinion delivered August 19, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)
